OLIVER DUPRAW *vs.* HENRY M. DUPRAW.

APRIL 14, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of assumpsit which was tried before a justice of the superior court, sitting without a jury, and resulted in a decision for the plaintiff. Defendant excepted to such decision and has duly prosecuted his bill of exceptions to this court.

Plaintiff is the father of the defendant. In 1934 the defendant brought his father to his farm in Lincoln to live with him. At that time his father was without funds but did farm work and odd jobs about the farmhouse. Later, however, his father received a considerable sum of money. This sum amounted to $2000, which was paid to him in settlement of a claim for damages for personal injuries that he had sustained in an accident.

On November 27, 1935, the plaintiff deposited this money in his own name in the Industrial Trust Company. There-

after frequent withdrawals in varying amounts were made by him, until there remained only $3.12. The first withdrawal was in the sum of $25 on December 5, 1935. This was followed on December 9, 1935 by one of $200, and on December 19, 1935, by another of $150. There were two more withdrawals in that month, one on the 23rd of $100, and another on the 30th of $50. Thus in one month over $500 was withdrawn. In January of 1936 there were withdrawals of even larger amounts. On March 3, 1936 'there was a withdrawal of $500. After this withdrawal there remained but a small amount of the original sum, which was all withdrawn by June 2, 1936. A short time after this last withdrawal the plaintiff claims he was forced to leave his son's house and that he went to live with his daughter in Central Falls.

Plaintiff testified that each of these withdrawals except the one of $3.12 was made at the request of his son and loaned to him. Defendant denied that he had received these amounts except the $500 withdrawal of March 3, 1936, which, he testified, was not a loan but an investment by his father in an interest in a fishing boat which he and his father purchased as joint owners. This fishing boat was registered in the name of defendant's wife.

The trial justice did not believe the testimony of either party in full. He found, however, that the plaintiff had proved that two withdrawals of $50 each and one of $350 were received by the defendant and that he was chargeable for such sums as loans from the plaintiff. He specifically found also that the purchase of the fishing boat was not a venture of the plaintiff but that he had loaned $500 to the defendant in order that the latter might purchase the boat for himself. He therefore decided for the plaintiff in the sum of $950.

Under his exception to the decision of the trial justice, the defendant is pressing only his objection to the finding of a $500 loan. He concedes that under our rule on appeal

he is unable to show that the trial justice was clearly wrong in finding that two sums of $50 each and another of $350 were received by the defendant as loans. In his brief he argues that, on the alleged $500 loan, the trial justice took an erroneous view of the evidence, that he erroneously relied upon certain testimony of the plaintiff, who had admittedly perjured himself and was, therefore, unworthy of belief, and that the weight of the evidence clearly preponderates against the trial justice's decision, at least as to the alleged $500 loan. The discussion of these points in the defendant's brief is somewhat discursive and, in some particulars, overlapping, but, as we understand his position, it really rests on two main contentions: (1) That the trial justice has misconceived or failed to give effect to the vital evidence against the plaintiff; (2) that on all the evidence his decision is clearly wrong.

The first contention is based on two grounds, namely, that the trial justice was predisposed or biased against the defendant and that it was error for him to credit the plaintiff's testimony that he had loaned the defendant $500 to buy the fishing boat. The first ground depends almost wholly upon the following words of the trial justice in announcing his decision from the bench: "And despite the fact that Henry and his wife and the rest of these children come in here and testify to these things it doesn't sound very well for children to revile their parent in court, calling him vile, uncouth and vulgar. We don't like to hear that from the mouths of children against their father." Defendant argues that the testimony thus condemned by the trial justice was pertinent to the issue on trial and that, if the trial justice felt that way about it and about the witnesses who testified, he could not have fairly and impartially considered the evidence.

We cannot agree entirely with the defendant. Perhaps this language of the trial justice was gratuitous and not necessary to an exposition of the reasons for his decision, but we are unable to see wherein it amounted to prejudicial

error. His animadversion of the defendant and his witnesses was confined to their testimony of plaintiff's vile, uncouth and vulgar habits. Such testimony was not important to the determination of the main issue in the case, namely, whether plaintiff had loaned the money in question to the defendant rather than invested it in the purchase of the fishing boat. And in any event, it does not appear from the transcript that the trial justice was biased against the defendant when he came to decide the merits of the real issue before him. On the contrary, it is obvious from his decision that he clearly gave the defendant the benefit of the doubt as to more than one-half of the total sum which plaintiff claimed to have loaned him. We are, therefore, of the opinion that this ground of defendant's first contention is without merit.

The second ground is virtually a claim of an error of law. If we understand defendant, he argues that the error of the trial justice consists in the fact that, after he had found the plaintiff's testimony was untrue regarding the statement that defendant had borrowed all of the $2000, the trial justice nevertheless credited the plaintiff's testimony concerning the loan of $500 to the defendant for the purchase of the fishing boat. In other words, the argument seems to be that the trial justice, having found plaintiff to be a false witness in one thing, should thereafter have found him false in everything. This argument would make of the maxim *falsus in uno, falsus in omnibus* a rule of law binding upon the trial justice. But the maxim is not a rule of the law of evidence but is merely an aid in the weighing and sifting of evidence. *Commonwealth* v. *Billings*, 97 Mass. 405. The trial justice, merely because on all the evidence he disbelieved the plaintiff's testimony that he had loaned to the defendant *all* of the $2000, was not bound to disbelieve the plaintiff's testimony that he had loaned the defendant the specific sum of $500.

In this connection it is important to note that, as to the

$500, there was no dispute that the defendant actually received that sum from the plaintiff; but as to at least $1050, there was practically no evidence that the defendant had received such sum, except the unsupported testimony of the plaintiff. The real question, therefore, for the trial justice to determine was: What was the understanding when the plaintiff gave the defendant the $500? Was it a loan, as the plaintiff testified, or an investment by the plaintiff in a joint business venture, as defendant testified? From the inherent nature of the transaction that was financed by the money and from other circumstances, the trial justice deduced that the plaintiff had really loaned the money to the defendant and had not jointly invested it with him in the purchase of the fishing boat. Upon all the evidence this inference was a reasonable one.

There remains, under defendant's second contention, only the question whether the trial justice was clearly wrong in weighing the evidence and finding that it preponderated in favor of the plaintiff. From our reading of the transcript it does not appear to us that the evidence preponderates against the trial justice's decision, but rather that there was sufficient evidence on which a decision in favor of the plaintiff could be reasonably based. Hence, we cannot say that the trial justice was clearly wrong.

The defendant's exception to the decision of the trial justice is, therefore, overruled and the case is remitted to the superior court for entry of judgment on the decision.

*William B. Sweeney,* for plaintiff.
*Arthur Cushing,* for defendant.