FRANCES BERGER *vs.* ANTHONY FURTADO.
ANTHONY M. FURTADO *vs.* JOSEPH BERGER.

FEBRUARY 23, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. These are two actions of trespass on the case for negligence, the first by Frances Berger, *owner* of one automobile, against Anthony Furtado, the owner and operator of another, and the second by Furtado against Joseph Berger, the *operator* of the Berger car. The cases

were tried together in the superior court before a justice thereof sitting without a jury, and at the conclusion of the evidence he rendered a decision for the plaintiff Frances Berger in one case for $375.75 and a decision for the defendant Joseph Berger in the other. The cases are now before us solely on the exception of Furtado to each of these decisions.

Both declarations are in common-law form. The declaration in the Berger case alleges the operation of plaintiff's car by Joseph Berger, the negligent operation of the car driven by Furtado, the consequent damage, and her own lack of contributory negligence. The declaration in the Furtado case alleges the negligent operation of the car driven by Joseph Berger, the consequent damage, and the exercise of due care by the plaintiff. A plea of the general issue was filed to each declaration.

The evidence shows that at about 9 o'clock in the morning of December 20, 1946, Furtado was driving a half-ton panel truck in a westerly direction on Dana street in the city of Providence and approaching the intersection of Dana and Ivy streets; that the Berger car was being operated by Joseph Berger on Ivy street in a southerly direction and approaching said intersection; and that both cars came into collision at about the middle thereof.

Furtado testified that as he neared the intersection he slowed down and came almost to a full stop; that he saw the Berger car about 200 feet away on Ivy street to his right; and that he then put his car into second speed and had proceeded about 25 feet into the intersection when his truck was struck by the Berger car. In cross-examination he admitted that seven days after the accident he had signed a written statement that when he first saw the Berger car it was 75 to 100 feet from the intersection. He explained this discrepancy by saying that he later went back and measured the distance by walking a hundred paces. He further testified that he was familiar with the locality as he had driven through there frequently, but he could not

recall whether there was a house on the northeast corner of Dana and Ivy streets, which defendant Berger stated was there on the date of the accident.

Joseph Berger testified that at the time he was driving his wife's car, with her consent, on his own business; that he was familiar with the intersection of Dana and Ivy streets as he drove through there almost every morning, using this route to avoid traffic on Hope street; that one driving west on Dana street could not see very far to his right up Ivy street until he reached a point 15 or 20 feet from the northeast corner of said streets because of the house located thereon; that for the same reason one driving south on Ivy street could not see very far to his left down Dana street until he reached a point about 20 to 25 feet from the corner.

He further testified that just before the accident he was driving south on Ivy street on his right side thereof, with his left wheels three to four feet westerly from the center line, at a speed of twenty to twenty-five miles per hour; that when he was about 20 to 25 feet from the intersection he saw the Furtado truck which was on Dana street about the same distance from the intersection; that the truck was slowing down and he therefore proceeded to cross the intersection; that when he was about half way through said intersection the truck picked up speed and hit the left front part of his car; that his car then pivoted, causing the front wheels to move five or six feet to the right, the rear wheels moving but slightly; and that his car came to a stop about in the middle of the intersection. As a result of the collision the Furtado truck traveled 25 to 30 feet before it tipped over and came to rest facing in the opposite direction from which it had come.

At the oral arguments before this court Furtado contended that the operator of the Berger car, from his own testimony, was clearly guilty of contributory negligence, and since Joseph Berger had permission from his wife to operate the car registered in her name for his own use,

that his failure to use due care should be imputed to the plaintiff Frances Berger, and thus bar recovery in her case. In this connection he relies upon chapter 867, public laws 1940, which changes the common-law rule in certain instances where the question of agency is involved.

Assuming without deciding that this argument can properly be made for the first time in this court where no reference to it is found in the transcript, we are of the opinion that it has no merit. Before the application of the statute referred to can possibly become material, it would be necessary first to find that the operator of the Berger car was guilty of negligence either as a matter of law or as a matter of fact. From an examination of the transcript it is clear to us that he was not chargeable with negligence as a matter of law, and in our interpretation of the decision the trial justice inferentially found as a matter of fact that defendant Berger was free of any negligence contributing to the accident.

In his decision the trial justice considered both cases together since they were consolidated for trial, and the negligence, if any, of one or both of the operators depended entirely upon a consideration of the same basic facts. The only witnesses as to the issue of liability were the operators themselves, Joseph Berger and Furtado. It is clear to us that in passing on their conduct the trial justice considered the evidence both from the standpoint of Furtado as the plaintiff in one case and as the defendant in the other. After discussing the evidence which led him to conclude, as we construe his decision, that defendant Berger's conduct was consistent with the operation of a prudent driver in the exercise of due care in the existing circumstances, the trial justice discussed the conduct of Furtado. He pointed out that Furtado's indecision in first slowing down as if to recognize and yield to defendant Berger what ordinarily might be the latter's right of way, and then suddenly starting up and proceeding at an increased speed across the intersection, was the real proximate cause of the accident. In

other words, after a consideration of all the evidence the trial justice found, in substance and effect, that defendant Berger was not negligent in the operation of the Berger car but that Furtado's negligence was the sole proximate cause of the accident. Upon such findings of fact the application of the statute which Furtado now attempts to invoke in argument before us could not possibly become material.

As to the findings of fact generally, we have examined the transcript and find that the material evidence is conflicting. Where the parties to an action at law waive the right of trial by jury and submit the case both as to law and facts to a decision of the trial justice, the findings of fact made by such trial justice will not be disturbed by this court unless they are clearly wrong. *Bridges* v. *Kerr*, 73 R. I. 487. As stated, the evidence in the instant cases was in certain respects conflicting. From our examination of the transcript we do not find that the evidence relied upon by the trial justice was inherently improbable or unreasonable, nor do we find that he misconceived or overlooked any material evidence. In the circumstances we cannot say that in either case his findings, which were based upon conflicting evidence, were clearly wrong.

The exception of Furtado in each case is overruled, and each case is remitted to the superior court for entry of judgment on the decision.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for Frances Berger and Joseph Berger.

*Francis Cappalli,* for Anthony Furtado.