JOSEPH ZUCCARO *vs.* MICHELE FRENZE.

MICHELE FRENZE *vs.* JOSEPH ZUCCARO.

FEBRUARY 3, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. These two actions of assumpsit, which arose out of the same transaction, were tried together in the superior court before a justice sitting without a jury. At the conclusion of the hearing, the trial justice rendered a decision for the plaintiff for $888.21 in the case of Zuccaro v. Frenze, and a decision for the defendant for costs in the case of Frenze v. Zuccaro. The cases are before us on Frenze's exceptions to such decisions, all other exceptions having been waived.

The first case was brought by Zuccaro, a contractor, to recover the balance due under an agreement to construct a building on Manuel avenue in the town of Johnston in this state. The second case was brought by Frenze, the owner, to recover damages for breach of the terms of the aforesaid agreement and for defective construction and poor workmanship on the part of the contractor. For convenience we shall hereinafter refer to Zuccaro as the contractor and Frenze as the owner.

The contractor testified that although his total claim was $1208.21 he had agreed with the owner before trial to accept $888.21. He further testified that he had faithfully performed his agreement in accordance with its terms and that all the work specified thereunder had been completed. Although the blueprints called for a boiler room and enclosed toilets, the contractor testified that these blueprints were made after the agreement; that he followed the terms of the agreement, which did not include the boiler room and called for exposed toilets; and that he had never agreed to perform his work in accordance with the plans and specifications as they later appeared from the drawings prepared by the owner's architect.

The owner testified that the agreement called for the construction of a boiler room and enclosed toilets; that the loading platform was several inches too low; and that the foundation was improperly laid, permitting rain water to come through the cement floor and the foundation. George J. Geisser, a consulting engineer of twenty-five years' experi-

ence, testified that he had inspected the building for the owner and found that it was not constructed in accordance with the plans and specifications; that there was a variation both in the elevation and in the depth of the foundation; that the loading platform was lower than shown on the plans; that there were numerous cracks in the walls caused by settlement of the building, due in his opinion to the fact that the foundation was not laid on proper bearing soil; and that the only remedy to prevent future cracks was to "construct additional footing to proper foundation material." He gave no estimate as to the cost of repairing the defects or of preventing future damage, except to state that the expense of such repairs and reconstruction would be more than the original cost of the work as performed. He gave no estimate of such original cost. The only testimony upon which actual damages could be definitely assessed for the owner was his statement that the contractor had used cement blocks at some places where concrete should have been used, resulting in a saving to the contractor of $650.

In these circumstances the trial justice rendered a decision for the contractor in each case on the theory that there was no testimony in the record upon which he could determine the cost of repairing the alleged defects or assessing damages therefor. Although he found that some of the work had been improperly performed he awarded the contractor the full amount of his claim. In his decision he used the following language: "I have no doubt in this case but that the plaintiff has not done some of this work properly. I think that the evidence of Mr. Geisser on some of these items, is very clear and important; for instance, as to the existence of cracks in the building and that they have occurred so soon after the building was completed, that was a year and one-half; that they were substantial cracks; that they were serious cracks, but as to what they will cost to complete or to repair, I don't know—nothing to determine it."

We are of the opinion that the two decisions are inconsistent. By the first the contractor was awarded the *entire* balance due, notwithstanding the finding of the trial justice that the agreement was not complied with according to its terms. But by the second decision no allowance was made for the faulty construction which the trial justice actually found to exist. While it is true that the owner failed to present testimony upon which the trial justice could have made a mathematical calculation of the cost of making repairs or of allowance by way of damages for the faulty construction, the trial justice should have awarded at least nominal damages to the owner therefor. We cannot agree with the owner that the trial justice, in the absence of definite figures, should have taken judicial notice of the fact that the cost of repairs, or damages therefor, would have been more than the balance claimed to be due. There was no competent testimony to support such contention.

In view of the special circumstances appearing herein and of the fact that the contractor was awarded the full amount of his claim for work which the trial justice found to be improperly performed in some respects, and that at least nominal damages were not awarded to the owner, we are of the opinion that justice requires that a new trial should be granted in each case.

The defendant's exception to the decision for the plaintiff in the case of Zuccaro v. Frenze and the plaintiff's exception to the decision for the defendant in the case of Frenze v. Zuccaro are sustained, and each case is remitted to the superior court for a new trial.

*John G. Murphy,* for Joseph Zuccaro.

*Frank C. Cambio,* for Michele Frenze.