FRED E. STILLMAN *vs.* JUNIOR F. PREW.

FEBRUARY 6, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

40

POWERS, J. This is an action of trespass on the case for negligence brought to recover property damages allegedly resulting from a collision of two motor vehicles on a public highway. The case was tried before a superior court justice, sitting without a jury, and resulted in a decision for the plaintiff in the sum of $511.45. It is before us on the defendant's bill of exceptions, prosecuting exceptions to the decision and certain evidentiary rulings.

It appears from the record that on February 19, 1956, plaintiff was operating his motor vehicle, a 1954 Kaiser, in a westerly direction on Crescent View avenue in the city of East Providence. While proceeding as aforesaid, a motorist approaching from the opposite direction indicated an intention to make a left turn.

The plaintiff testified that he reduced his speed to accommodate the other driver but the latter waited for him to proceed, and that as he thus continued he observed defendant who was operating his car in the rear of the approaching motor vehicle. It is also plaintiff's testimony that defendant at this point made a sharp left turn without indicating his intention to do so, and that the cars collided as a consequence thereof. This version of the collision was partially contradicted by defendant.

The record further discloses that plaintiff's car was apparently damaged substantially. It is not contradicted that it was inoperative after the collision and was required to be towed from the scene.

It further appears that the garage to which it was towed had gone out of business prior to the trial and plaintiff was unable to produce the bill for the repair of his car. In substitution therefor he attempted to offer in evidence an estimate of the damages which had been made by Nelson A. Keates, an insurance adjuster. Several exceptions were taken by defendant as to the admissibility of the estimate and to the testimony given by the witness Keates in laying a foundation for the admission of the estimate. It was finally admitted as a past recollection recorded and purports to show that the damages to plaintiff's car amounted to $511.45. The defendant presses those exceptions here, but in the view we take of the case they need not be considered.

In the trial justice's decision for plaintiff in the sum of $511.45 he took judicial notice that the value of the car prior to the accident was in excess of the amount of the damages. The exception taken by defendant to the decision relates not only to the question of liability but also raises the question of whether the trial justice erred in taking judicial notice as aforesaid.

We shall consider first whether the trial justice erred in finding for plaintiff on the issue of liability. It is well settled in this state that the findings of a trial justice, sitting without a jury, are entitled to great weight and will not be disturbed unless clearly wrong. *Dupraw* v. *Dupraw*, 69 R. I. 144. In the instant case no witnesses to the collision testified thereto, other than the operators of the two cars involved. In his decision the trial justice observed that defendant had not disputed plaintiff's testimony in several material particulars and concluded that the accident occurred in the manner described by him. We have carefully reviewed the testimony of the parties and cannot say that the trial justice was clearly wrong, or that he overlooked or misconceived any material evidence.

The remaining objection to the decision, however, poses a more serious question. There is no evidence whatsoever

as to the condition of plaintiff's car prior to the accident. Although it may well be that there is an established market value which is known to the trade for every make, model and year generally, it does not follow that a particular car, in the absence of testimony as to its condition and marketability, has any known value which can be assumed by the court as a matter of common knowledge. See *Zuccaro* v. *Frenze*, 76 R. I. 391.

The plaintiff, however, acknowledging that the general rule of damages as applied to personal property is the difference betweeen the fair market value immediately prior to the accident and the fair market value thereafter, refers our attention to *Jackson* v. *Choquette & Co.*, 78 R. I. 164, wherein we stated at page 169, "In a proper case and upon adequate proof, cost of repair may be sufficient to support an award of damages, but it is otherwise when, as in the instant case, the automobile is treated by its owner practically as a total loss."

Reliance on the foregoing language, however, presupposes that in the instant case there is present such "adequate proof" as that to which the court had reference in *Jackson* v. *Choquette & Co., supra.* In point of fact, however, there is no proof whatsoever here as to the fair market value of plaintiff's car just prior to the accident. Whether in the absence of such proof an outlay for repairs amounting to $511.45 would be justified can only be conjectured. Since as is disclosed by the record the plaintiff's car was repaired and thereafter driven by him, it would seem that repairs were justified. Whether the fair market value of the car after the repairs had been made, however, was as great or equal to the expense involved does not appear and can only be the subject of speculation, which cannot be used as a substitute for evidence or a basis for a decision. *Erenkrantz* v. *Palmer*, 69 R. I. 478.

The defendant's exception to the decision as to liability is overruled and as to the award of $511.45 is sustained. On

February 21, 1962 the plaintiff may appear before this court and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for him in the sum of $1 as nominal damages.

ON SHOW CAUSE HEARING.

FEBRUARY 26, 1962.

PER CURIAM. In the above-entitled case, pursuant to our opinion heretofore filed, the plaintiff through his attorney appeared to show cause why the case should not be remitted to the superior court with direction to enter judgment for him in the sum of $1 as nominal damages.

Upon consideration of the arguments presented, we are of the opinion that no sufficient cause has been shown to change our conclusion, and the case is remitted to the superior court for entry of judgment for the plaintiff in the sum of $1 as nominal damages in accordance with our original opinion.

*Sherwood and Clifford, William A. Curran,* for plaintiff.

*Sarkis Tatarian,* for defendant.