260 A.2d 715.

RICHARD D. MEADER *et ux.* and RUTH B. MEADER *vs.* HERBERT W. COSPER.

JANUARY 15, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Per Curiam. This civil action was brought to recover damages for the alleged wrongful death of the plaintiffs' daughter. The case was tried, without the intervention of a jury, to a Superior Court justice who rendered a decision for the defendant. It is before this court on the plaintiffs' appeal from the final judgment entered in accordance with said decision.

In their oral argument and brief, plaintiffs readily acknowledge the long-established rule in this state that, where the evidence is in conflict and where the parties submit the controversy on the facts as well as the law to a trial justice sitting without a jury, the decision of said justice will not be disturbed by this court unless the findings of fact on which the decision is based are clearly wrong, or that in making such findings, the trial justice either misconceived or overlooked material evidence on a controlling issue. *Berger* v. *Furtado,* 75 R. I. 113, 64 A.2d 194; *Bridges* v. *Kerr,* 73 R. I. 487, 57 A.2d 651.

Even so, pointing to copious testimony, as well as to certain documentary evidence which plaintiffs urge were both misconceived and overlooked by the trial justice in the case at bar, plaintiffs argue that the decision of the trial justice here is clearly wrong. Moreover, they further argue, the trial justice reached his decision by giving credence to a portion of defendant's testimony while acknowledging that, in other aspects, defendant's testimony was expressly discredited.

An analysis of all the evidence, however, discloses that the real basis of plaintiffs' protest against the trial justice's decision is that he failed to give the weight that they would have given to the evidence on which they rely and that he rested his decision on inferences drawn from oral and documentary evidence which they would not credit. Our

examination of this latter evidence, which the trial justice was free to accept, persuades us that it was open to the inferences drawn by the trial justice, and, such inferences being reasonable, we cannot say that his decision is clearly wrong. It is the prerogative of the trier of fact to rely on such probative evidence as he finds to be credible and, if the inferences he draws therefrom are reasonable, it is unavailing to an appellant to argue to this court that contrary inferences might also have been drawn. *Tefft* v. *Tefft*, 105 R. I. 496, 253 A.2d 601; *Spouting Rock Beach Ass'n* v. *Garcia*, 104 R. I. 451, 244 A.2d 871; *Cinq-Mars* v. *Travelers Ins. Co.*, 100 R. I. 603, 218 A.2d 467.

Similarly, the question of credibility of a witness is for the trier of fact; that he expressly rejects certain testimony of a witness on an immaterial issue as not being credible does not preclude him from finding such witness worthy of belief as to testimony having probative force. *Dupraw* v. *Dupraw*, 69 R. I. 144, 31 A.2d 474.

Here, the motor vehicle accident which resulted in the death of plaintiffs' daughter occurred in the Town of East Greenwich in this state at approximately 1:30 in the morning. The defendant, operator of the car which collided with the automobile in which plaintiffs' daughter was a passenger, testified that he had left Boston at approximately 15 minutes after midnight. Discussing in detail the route traveled by defendant, the trial justice expressly found that defendant's testimony, in this regard, was clearly unacceptable. However, he then discussed defendant's testimony as to the speed and control of defendant's car within the last 275 feet before the two vehicles collided and found defendant's testimony with regard to this credible and persuasive.

In summary, from a reading of the trial justice's decision and an examination of the evidence to which plaintiffs point as having been misconceived in the one instance, and over-

looked in the other, we find that the trial justice expressly rejected the inferences which plaintiffs would draw from the evidence to which they point, and further expressly found that just prior to and at the time of the collision, defendant's operation of the car he was driving was consistent with that of a prudent driver. The defendant's conduct, therefore, the trial justice concluded, was not the proximate cause of the collision which resulted in the death of plaintiffs' daughter. No error inhering in this conclusion, his decision cannot be faulted.

The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr.,* for plaintiffs.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh,* for defendant.