JOHN T. RAFERTY *et al. vs.* EDWARD REILLY *et al.*

JANUARY 18, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)   Decision of Justice on Undisputed Facts.   Review.*

Where the decision of a justice of the Superior Court sitting without a jury, as to a finding of fact, is based upon the inference which in his opinion should be drawn from undisputed evidence, upon appeal the question as to the purport of such undisputed evidence comes up for review unaffected by the conclusion which the justice may have reached thereon.

*(2)   Joint Interest in Personalty.   Intent.*

A joint ownership of a deposit is created when it appears to have been the intention of the original owner to divest himself of the exclusive ownership

and control of the money and vest such ownership and control jointly in himself and another with the attendant right of survivorship.

The intention to make a present gift of a joint interest in such deposit may appear in the statement of the depositor or it may be shown by his acts and the attendant circumstances.

(3)  *Joint Interest in Personalty.*

A deposit was made "payable to the order of A. or B. or the survivor". Evidence considered and held that a joint interest was created and on the death of A., B. became entitled to the fund.

*Prov. Inst. for Savings* v. *Carpenter,* 18 R. I. 287, distinguished.

BILL IN EQUITY.  Heard on appeal of respondent and sustained.

SWEETLAND, J.  This is a suit in equity in which the complainants seek to obtain for the personal representatives of John Henry, late of Providence, deceased, a certain sum now on deposit with the respondent Westminster Bank upon a certificate of deposit payable by its terms "to the order of John Henry or Edward Reilly or the survivor."

The cause was tried before a justice of the Superior Court and said justice ordered the entry of a decree directing the payment of said fund to the personal representatives of said John Henry.  The cause is before us upon the appeal of the respondent Edward Reilly.

From the testimony it appears that said John Henry in the latter years of his life was able to work but little if at all; that for about five years before August 3, 1912, he was supported by the respondent Edward Reilly; that at some time in the year 1912, prior to August 3rd, through inheritance said John Henry came into the possession of about four thousand dollars; that the respondent Edward Reilly assisted him in obtaining said money.  On August 3, 1912, when said money was in the hands of his attorney and was about to be delivered to him, John Henry said: "I will give it to Mr. Reilly and he can just buy me a suit of clothes. He has supported me and kept me for the last five years." To this Reilly, who was present, said:  "I don't want it that way."  It was then arranged between said attorney, John Henry, and Edward Reilly that said sum of four thousand

dollars should be deposited in the Westminster Bank "payable to the order of John Henry or Edward Reilly or the survivor," and it was so deposited. Before making the deposit, in explaining the matter to the official of said bank, the attorney said that John Henry was the owner of the money. The certificate of deposit was delivered to the respondent Edward Reilly and he has been in possession of said certificate from that time to the day of the hearing of this cause in the Superior Court. From time to time during the life of John Henry certain sums were withdrawn from the money so deposited, as appears by endorsement on said certificate. In all the sum of $1,885 has been paid to Edward Reilly and the sum of $740 has been paid to John Henry. By the rules of said bank it was required that said certificate should be presented to the bank at the time of any withdrawal from said fund and accordingly when money was paid by the bank to John Henry, Edward Reilly accompanied him to the bank and produced said certificate for the purpose of permitting the endorsement of payment to be made thereon; but said certificate remained in the possession of Edward Reilly. Of the money so withdrawn by Edward Reilly a portion was used by Edward Reilly for his own purposes, but the greater part he expended for the care and support of John Henry during his life. From these facts said justice of the Superior Court found that said sum of four thousand dollars, after its deposit as aforesaid, remained the sole property of John Henry during his life; and apparently said justice regarded the cause as one ruled by *Providence Institution for Savings* v. *Carpenter,* 18 R. I. 287. In arriving at his decision said justice appears to have been influenced largely by the testimony that when said Henry, before making the deposit in question, offered to give said sum of four thousand dollars absolutely to Reilly the respondent Reilly said, "I don't want it that way," and also said justice gave much weight to the testimony that before the deposit was made said attorney referred to the four thousand dollars as the property of John Henry.

(1)    The complainants urge that the finding of fact made by the justice presiding in the Superior Court should not be disturbed by this court.   We have frequently held that in a case tried before a justice of the Superior Court sitting without a jury, when the evidence is conflicting, the determination of said justice as to what are the facts should not be set aside unless such determination clearly fails to do justice between the parties.   This case presents a different aspect. The decision of the justice is based upon the inference which in his opinion should be drawn from the undisputed evidence before him.   Upon appeal the question as to the purport of such undisputed evidence comes to us unaffected by the conclusion which the justice of the Superior Court may have reached thereon.

(2)    The validity of a gift of joint ownership in a bank deposit has been recognized in this State, *Providence Inst. for Savings* v. *Barr,* 17 R. I. 131; *Whitehead* v. *Smith,* 19 R. I. 135; *Industrial Trust Co.* v. *Scanlon,* 26 R. I. 228.   See also Gen. Laws, 1909, Chap. 252, § 1.   It will be held that the owner of money has created the joint interest of himself and another in a deposit of such money when it appears to be his intention to divest himself of the exclusive ownership and control of the money so deposited and vest such ownership and control jointly in himself and another, with the attendant right of survivorship.   The intention to make a present gift of a joint interest in such deposit may appear in the statement of the depositor or it may be shown by his acts and the attendant circumstances.   In the case at bar we have no explicit declaration on the part of John Henry that he made the respondent Reilly a joint owner with himself of the money deposited in the Westminster Bank; but in our opinion the circumstances surrounding the whole transaction in question are sufficient to establish such intention.   This form of deposit has been held by some courts to amount to *prima facie* evidence of an intention to make a gift of an interest in the money deposited.   It is surely consistent with such an intent.   From the testimony

it clearly appears to have been the desire of John Henry, on August 3, 1912, to give to the respondent Reilly an interest in said money and when Reilly objected to receiving an absolute gift of the entire sum, this method of deposit, evidencing on its face a joint ownership, was fixed upon with the full knowledge of Reilly. The certificate of deposit which set forth the contract entered into between Henry and the Westminster Bank made the sum deposited payable to the order of John Henry or Edward Reilly. By the terms of the certificate the money was made payable "on return of this certificate" and according to the rules of the bank the withdrawal of portions of the money deposited could be effected only upon presentation of the certificate. This certificate with the consent of Henry was delivered to Reilly and was retained by him until after the death of Henry, thus giving to Reilly complete dominion over the deposit and, during the life of Henry, Reilly frequently exercised this dominion and made withdrawals from the deposit. It is true that he used most of the money withdrawn for the benefit of Henry, but there is nothing to show that such conduct arose from the recognition of a legal obligation on his part rather than from a continuance of the regard for Henry's welfare which Reilly had shown for years before the making of the deposit. These circumstances support the appellant's claim that there was the intention on the part of Henry to vest in Reilly a joint interest in said deposit at the time it was made. The force of these circumstances would yield to evidence showing a different intention, but we find nothing in the case which can properly be considered as evidence to the contrary. The complainants contend that little weight should be given to the form of the deposit or the possession of the certificate by Reilly or the exercise of dominion over the deposit by Reilly, and claim that all these circumstances are consistent with the intention of making the deposit in the joint names of Henry and Reilly for convenience in withdrawing the money for Henry's use. This is but a conjecture founded upon the disability of Henry and his lack of experience in business affairs. If it

appeared that this form of deposit was employed merely for Henry's convenience in dealing with his own money it would deprive the circumstances which we have named of the force which we have given to them; but in the absence of all evidence to that effect, these circumstances seem much more in accord with an intention to carry out the donative purpose which clearly was in Henry just before the deposit was made. Neither does it seem to us that the interpretation which we have given to the circumstances surrounding this transaction is at all negatived by the two pieces of testimony upon which said justice based his decision. The objection of Reilly to receive an absolute gift of the whole of said fund is in no way inconsistent with the intention of Henry to give to Reilly a joint interest in the same or the willingness of Reilly to accept such a gift. The subsequent conduct of Reilly is in accordance with his claim that he did accept a gift of a joint interest. The statement made by the attorney to the bank officials, in explanation of the matter before the deposit was made, that John Henry was the owner of the money, in our opinion is not entitled to the force which said justice has given to it. It appears to be merely a statement of the fact that the money furnished for the account was the money of John Henry, and was not intended as a declaration, that, although the deposit was to be made to the joint account of John Henry and Edward Reilly, it was nevertheless to remain the sole property of John Henry.

The argument has been made that in the case of a deposit in this form there has not been a delivery of the thing given, and the vesting of a joint title in the donee, because the donor can defeat the gift by withdrawing the deposit; hence the control of the deposit has been retained and the gift is not absolute or complete. This court has denied the force of such argument in *Industrial Trust Co.* v. *Scanlon,* 26 R. I. 228. The power to withdraw the money deposited is in the donor, but it is also in the donee; and that power in the donor is an incident of this form of gift. In *Hoboken Bank* v. *Schwoon,* 62 N. J. Eq. 503, Mr. Justice PITNEY, then Vice-Chancellor, said: "The objection to this mode of

making a gift is that it is testamentary in its character, and in effect a will, and therefore void under our statute. In support of this conclusion is pointed out the circumstances that the power of disposition by the donor continues during his or her lifetime. But this circumstance has not deterred the courts from giving effect to such arrangements. This has been done on two grounds—*first*, that a joint estate or interest is created with an express right of survivorship, which operates naturally and legally upon whatever of the fund remains unused at the death of the donor; and *second*, on the ground of a completed trust."

The case at bar is not governed as the complainants urge by the opinion of this court in *Providence Institution for Savings* v. *Carpenter*, 18 R. I. 287. In that case one Margaret Hart in her lifetime transferred a certain deposit belonging to her in the complainant's bank to a new account in the name of Margaret Hart or Mary F. Carpenter, with distinct understanding that the money was to remain her property during her life subject to her own control and at her death was to be the property of Mary F. Carpenter to be applied to religious and charitable uses. This court held that there had not been during the life of Margaret Hart a completed gift of an interest in said money or a constituted trust in the same and that said transaction amounted merely to an attempt at a testamentary disposition of said money.

The case at bar in its facts resembles *Whitehead* v. *Smith*, 19 R. I. 135, and *Industrial Trust Co.* v. *Scanlon*, 26 R. I. 228, in each of which cases a deposit similar in form to that now under consideration by us was held to have created a joint title in the depositor and the other person named in the account.

The appeal of Edward Reilly is sustained. The decree of the Superior Court is reversed. The respondent may present to us on January 23, 1918, a form of decree in accordance with this opinion.

*Flynn & Mahoney, John I. Devlin*, for complainants.
*Charles A. Walsh*, for respondent.