WILLIAM B. SHEPARD *et al. vs.* SPRINGFIELD FIRE AND MARINE INSURANCE COMPANY *et al.*

FEBRUARY 26, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Stearns, JJ.

(1)  *Appeal and Error.  Equity Appeals.  New Trial.*

In an equity cause complainants examined a number of witnesses, and defendants made no offer of oral testimony but introduced an award and also put in certain evidence by way of a stipulation signed on behalf of all parties and after complainants had closed their testimony defendants moved for dismissal of the bill which was granted. On appeal, which was sustained, defendants claimed that they should be permitted to complete

their defence either before the appellate court or the Superior Court, before a final order was made for the disposition of the cause.

*Held,* that as there was no exclusion of evidence offered by defendants and no "accident or mistake" within the meaning of Gen. Laws, 1909, cap. 289, § 30, and as defendants did not see fit to introduce evidence to meet the evidence on behalf of complainants, there was no authority for allowing the taking of further evidence by defendants in the appellate court.

*Held,* further, that the provisions of Gen. Laws, 1909, cap. 289, §§ 30-33, are general provisions confiding to the discretion of the court the correction of error and injustice and do not imply that as a matter of course it is the duty of the court except in unusual cases to allow testimony to be taken before the appellate court or to remand the case for a retrial.

*(2)  Appeal and Error.  Equity Appeals.  New Trial.*

While the court has the power under Gen. Laws, 1909, cap. 289, §§ 30-33, in a proper case either to hear further testimony upon appeal, in case of "accident or mistake or erroneous ruling excluding evidence in the superior court" or to remit a cause for the purpose of taking further testimony in the Superior Court in cases where justice requires such action, the determination of the question rests upon the peculiar circumstances of the particular case and no general rule has been or can be arrived at.

*(3)  Constitutional Law.  Due Process.*

Where a bill in equity sought to set aside an award under insurance policies and was a proceeding in aid of the prosecution of pending suits at law upon the policies, and appellees had had an opportunity to offer before the court below all the evidence they desired, the result of a decree setting aside the award to be entered under the order of the appellate court (after denial of appellees request to offer further evidence) will not be to deprive appellees of their property "without due process of law" in contravention of Art. XIV of Amendments to the Constitution of the United States, but merely deprives appellees of an opportunity to interpose the award by way of special plea, leaving them full liberty to offer all such testimony as they would be able to offer if a retrial had been granted in the case at bar, in relation to the question tendered by the pleadings at law.

*(4)  Appeal and Error.  Equity Appeals.*

The statutes relative to an appeal in equity plainly imply that in the usual case, an appeal is to be treated in the appellate court not as a proceeding *de novo* for a retrial of the cause but as a proceeding for the purpose of reviewing the errors stated in the appellant's reasons of appeal.

Bill in Equity.  Heard on motion for reargument after opinion reported in 41 R. I. 403.

Parkhurst, C. J.  After the opinion in the above cause filed July 1, 1918, the defendants filed a motion for reargument on July 9, 1918, by permission, in vacation, and

the same stood over to the October session, 1918, for consideration as appears by rescript filed October 21, 1918, which is as follows:

"RESCRIPT.

"On respondents' motion for leave to reargue the above cause, filed by leave of court July 9, 1918, in vacation, and now considered after the opening of the present term (Oct. 1918):

"1.   As to that portion of the motion which relates to the weight and effect of the testimony before this court upon complainants' appeal, the matters stated and referred to in the motion were all argued before this court and were fully considered by the court in framing its opinion filed at the last term (July 1, 1918), and the court finds no reason for a reargument of the cause upon such matters;   that portion of the motion is therefore denied.

"2.   It appears from the transcript, that at the conclusion of complainants' testimony, the cause was dismissed upon motion of the respondents upon two grounds, one of which is not urged in the present motion, and was fully disposed of in the opinion, in favor of the complainants. The other ground was that upon all the complainants' testimony the allegations of the bill were not sustained and no case was made for setting aside the award.   The trial court took that view of the testimony and ordered the bill dismissed.   This court took a contrary view of that testimony and found that the complainants had sufficiently supported the material allegations of the bill and were entitled to have the award set aside, and thereupon reversed the decree of the lower court and ordered the cause to be remanded to the Superior Court sitting in Washington County, with direction to enter its decree setting aside the award.

"The respondents now urge that since the bill was dismissed after the testimony for the complainants was heard, and without hearing any of the testimony which the re-

spondents now say that they were prepared to offer in defence, if their motion to dismiss had not been granted, this court ought not to order the bill to be dismissed upon the record as it stands, and seem to imply that the respondents should have an opportunity to offer their testimony in defence before the cause is finally determined.

"The court will hear the parties upon this branch of the cause, upon the question whether the respondents should be allowed to present such evidence in defence, and if so, in what court, and in what manner, and subject to what conditions, such evidence should be presented. The cause may be assigned for hearing upon this question by agreement or on motion in due course."

Thereafter the cause was assigned for hearing by agreement of parties to December 30, 1918, upon the question left open for hearing by the last paragraph of the rescript above quoted, and counsel for the parties were heard thereon at that time. It was then contended on behalf of the defendants, that before a final order should be made in this cause the defendants should be allowed to present such further testimony as they should see fit in reply to the testimony submitted in behalf of the complainants in the court below, before this court, or, in the alternative, that the cause should be remanded to the Superior Court with direction to permit the defendants to offer further testimony there in defence to the bill, and in reply to the complainants' testimony.

It appears from the transcript sent up on the complainants' appeal that at the hearing of the cause before the Superior Court, the complainants examined a number of witnesses on their behalf as to the questions discussed at length in our opinion filed July 1, 1918; and that on behalf of the defendants there was no offer of oral testimony, but that the defendants did put in the award signed by Messrs. Houlihan and Evans, and that they also put in certain evidence by way of a stipulation signed on behalf of all parties for the purpose of showing what had been done by

the parties in three certain suits at law, by way of tender and payment into the law court of certain sums of money stated to aggregate the total amount of the award, and of the withdrawal thereof by the complainants; and it further appears by said transcript that after the complainants had closed their testimony in this cause the defendants did not offer any testimony in addition to that already before the court (to wit, the award, and the stipulation,) and thereupon moved for dismissal of the bill on the grounds already fully set forth and discussed by this court in its opinion of July 1, 1918.

The defendants contend that their defence was not fully made before the Superior Court; that they had witnesses whom they could and would have called, if the bill had not been dismissed upon their motion; that since this court has in effect overruled the justice of the Superior Court, as to his decision that the bill should be dismissed, this court should now permit the defendants to complete their defence before making a final order for the disposition of the cause; and that, if this court should now make a final order reversing the decree of the Superior Court and ordering the entry of a decree setting aside the award, as it has purported to do in its opinion of July 1, 1918, it would deprive the defendants of rights guaranteed to them by Article XIV of Amendments to the Constitution of the United States, because it would deprive them of their property "without due process of law."

Our statutes governing procedure upon equity appeals, so far as applicable to the present phase of this case, are found in Gen. Laws, R. I. (1909) Chap. 289, "Of Practice in Equity Causes," &c., and are as follows:

"Sec. 30.   No new testimony shall be presented to the supreme court on appeal, but in case of accident or mistake, or erroneous ruling excluding evidence in the superior court, the supreme court may grant leave to parties to present further evidence, and may provide by general rule or special order for the taking of such evidence."   .   .   .

"Sec. 32.   Upon any cause being brought by appeal to the supreme court that court shall hear and determine such appeal and affirm, reverse, or modify the decree or judgment appealed from and make such orders and decrees therein as shall be just.

"Sec. 33.   Upon reversal or modification of the decree or judgment appealed from, the supreme court may remand the cause to the superior court with such directions as are necessary and proper, or may take such further proceedings in the cause as justice and the speedy determination of the cause may require, and after such proceedings shall remand the cause as aforesaid.   In any such case the supreme court, if practicable, shall determine the form of the final decree or judgment before remanding the cause to the Superior Court. In case the supreme court shall affirm the decree or judgment appealed from, it shall certify its affirmation and remand the cause to the superior court for further proceedings.   In every case the supreme court, upon remanding a cause to the superior court, shall transmit all the papers in the cause to the superior court, and the final decree or judgment shall be entered in the superior court."

Few cases have arisen before this court, where either party, after an equity appeal from a decree of the Superior Court to this court, has sought to put in further testimony before this court, or to be allowed substantially a new trial in the Superior Court.

In *Steere* v. *Tucker*, 39 R. I. 531, after the opinion there reported was rendered reversing the decree appealed from and directing the dismissal of the bill, the complainant filed his motion for reargument and as a part thereof embodied a request for permission to introduce further evidence in this court as to complainant's actual pecuniary loss or damage to his property; the principal ground of decision being that he was a private citizen seeking to enjoin a public nuisance, and had shown no such special and peculiar injury to his rights as to warrant an injunction.   This court held that it did not find in the statute, Gen. Laws, R. I. (1909),

Chap. 289, § 30 (above quoted) that it had any authority to permit the presentation of such testimony on appeal in this court. (See rescript on file, Equity No. 334, filed Jan. 17, 1917.) In the case just cited, it appeared that the complainant had been allowed by the trial judge to introduce substantially all the evidence that he saw fit to offer to make out his case; that there was no "erroneous ruling excluding evidence in the Superior Court," and that there was no case of accident or mistake on the part of the complainant, by reason of which he could invoke the provisions of Section 30, above quoted; and the motion for leave to introduce further evidence was denied.

In the case of *Chase* v. *Cram*, 39 R. I. 83, 92, the complainant appealed from the decree of the Superior Court wherein it was purported to determine the rights of the parties to the water of a certain spring; it was claimed that the language of certain deeds conveying rights in the spring was ambiguous; in the Superior Court the defendant was allowed to introduce certain testimony setting forth statements made by the grantor as to his intentions in making a certain conveyance of rights in the spring to his daughter (the defendant), such statements being made both before and after the date of the conveyance; the complainant also in the Superior Court, then offered evidence of certain witnesses as to statements made by the grantor after the date of his conveyance to his daughter and to his sons for the purpose of showing the grantor's intentions with regard to the use of the spring; this evidence offered on behalf of the complainant was excluded by the Superior Court. After appeal to this court, and before trial upon the merits, the complainant (appellant), filed his motion in this court for leave to introduce the testimony offered by him and excluded below, on the ground that the exclusion of such testimony was an "erroneous ruling excluding evidence in the Superior Court" under the provisions of Gen. Laws, R. I. (1909,) Chap. 289, § 30, above quoted; after hearing this motion this court filed the following rescript (Oct. 6, 1915), viz.:

"The complainant's motion for leave to introduce in this court the testimony of Eugene Chase, Jr., and of Eugene Chase as set forth in the motion filed September 29, 1915, is hereby granted. This court cannot at this time determine the relevancy or admissibility of such testimony without considering the merits of the case which are not now before it. The testimony will be admitted *de bene;* the defendant will be allowed also to introduce testimony in reply to the complainant's testimony so introduced. The witnesses may be produced and examined in open court at such time as may be agreed upon by the parties."

Thereafter the testimony was taken in this court; and thereafter the appeal was heard, upon its merits, and it was determined that "the grant in the deed to the respondent is not ambiguous and that therefore oral testimony tending to show the intent of the grantor was properly excluded"; and the cause was decided without reference to such testimony. (See *Chase v. Cram,* 39 R. I., 83 at p. 92.)

In the case at bar there was no exclusion by the Superior Court of evidence offered by the defendants, and there was no "accident or mistake" within the meaning of Section 30 above quoted. The defendants did put in evidence the award of Messrs. Houlihan and Evans, and, by stipulation, the facts with regard to the payment of moneys into the law court in the three suits at law and the withdrawal thereof by the complainants; and thereupon after the evidence on behalf of the complainants was closed, the defendants, by their counsel, acting upon their view of the complainants' evidence and the weight thereof saw fit not to introduce any evidence to meet the evidence on behalf of the complainants; although they now say that they had witnesses in court ready to testify to something which up to this time they have not disclosed. We can only conjecture that the defendants might have offered evidence to contradict the complainants' witnesses or to impeach them, or tending to show that the award of the referees was fair and adequate. They saw fit, however, to rest their defence upon the con-

tentions which we have already fully discussed in our former. opinion. The decree appealed from was a decree of dismissal; we have stated fully our reasons for reversing that decree and we find no authority in Section 30 above quoted for allowing the defendants to take further testimony in this court for the purpose of showing that the decree of the Superior Court appealed from would have been a proper decree if there had been before that court other or further evidence than the transcript discloses.

That the judge of the Superior Court understood that the defendants had offered all the evidence they desired to offer is borne out by his statement in granting the motion to dismiss; after hearing and participating in rather an extended argument of counsel upon this motion wherein the evidence was quite fully considered, the judge says (Tr. pp. 383, 384): "I am going to grant the motion to dismiss the bill at this point and I do so more willingly because it doesn't need a retrial in the event that the Supreme Court takes a different view from what I have taken."

There have been few equity cases before this court, wherein it has been moved or suggested that the cause ought to be remanded to the Superior Court to take further evidence or to give a new trial. In the case of *Turner* v. *McManus*, 38 R. I. 35, 40, which was a bill in equity to establish a trust upon a certain fund for the benefit of the complainant, the judge of the Superior Court dismissed the bill upon the defendant's motion, after hearing the evidence for the complainant only, for want of sufficient proof; the defendant put in no evidence. The complainant appealed from the decree of dismissal and, upon hearing, this court took a different view of the evidence from that held by the judge below, and entered the following order: "The complainants' appeal is sustained, the decree of the Superior Court is reversed, and the case is remanded to said Superior Court for retrial unless the parties choose to stand upon the evidence adduced at the hearing, in which event a decree should be entered for the complainant in accordance with this opinion."

Upon examining the files in *Turner* v. *McManus, supra,* it appears that the complainant-appellant herself, upon the last page of her brief, "respectfully asks that this cause be remitted to the Superior Court for a new trial therein or for such further proceedings as to this court shall seem just and proper"; and it also appears that the cause was retried before a judge of the Superior Court, that both parties put in evidence, and that the trial judge upon the evidence introduced by both parties granted the relief prayed by the bill; and no appeal was taken thereafter.

The defendants in this case rely very much upon *Turner* v. *McManus, supra,* as a precedent for sending the case at bar back to the Superior Court for a new trial. But we find certain differences; in the *Turner* case, the appellant herself asked for this course, there was no opposition and no argument on the point; the record was short and contained only the testimony of the complainant and her husband, and the retaking of their testimony would not be very burdensome. It was within the power of this court under Sections 32 and 33 above quoted to remand the case as it did for a retrial, if it appeared to the court that justice required such action. We do not find that the *Turner* case is a binding precedent in the case at bar, where the circumstances are so different.

In the case of *Raferty et al.* v. *Reilly et al.,* 41 R. I. 47, also reported in 102 Atl. 711, and reported on motion for reargument in 102 Atl. 963, the complainants were suing to obtain for the personal representatives of a deceased person a sum of money on deposit in a bank, and the defendant Reilly was claiming the right to have for himself the balance on deposit by virtue of a certain certificate of deposit on joint account, with survivorship, which said defendant had held from the time of the deposit of funds, then and prior to the deposit, the property of the deceased. In the Superior Court the complainants obtained a decree in their favor from which defendant Reilly appealed; on appeal this court found in favor of defendant Reilly and reversed the

decree of the Superior Court; thereupon complainants-leappesel moved for a reargument and urged in substance as one ground of their motion that by reason of the action of the justice presiding in the Superior Court the complainants were deprived of an opportunity to cross-examine the defendant Reilly, and to contradict his testimony (see 102 Atl. 963); and they suggested that this court should remit this cause to the Superior Court for retrial as was done by this court in the case of *Turner* v. *McManus*, 38 R. I. 35.

This court found that the complainants were not so deprived by the Superior Court; that they might have proceeded to cross-examine Reilly and might have introduced evidence to contradict him if they had seen fit; and that there was no warrant for "permitting the complainants to reopen their case here when the cause is before us solely upon the respondent's reasons of appeal." The motion was denied.

(2)    We believe that the cases cited above are all of the cases where this court has been called upon to determine questions similar to that now raised and discussed in this opinion. While it is evident from the above that this court has considered that it has the power under the statutes above quoted in a proper case either to hear further testimony upon appeal in this court "in case of accident or mistake, or erroneous ruling excluding evidence in the superior court" (Sec. 30) (*Chase* v. *Cram, supra*), or to remit a cause for the purpose of taking further testimony in the Superior Court (Sec. 32, Sec. 33) in cases where justice requires such action (*Turner* v. *McManus, supra*), (*Raftery et al.* v. *Reilly et al.*, 102 Atl. 963, 964); it is to be noted that in each case the determination of the question has rested upon the peculiar circumstances of the particular case, and no general rule has been or could be arrived at.

In the case at bar, we have already shown that there is nothing to bring this case within the terms of Section 30, as applied in *Chase* v. *Cram, supra*, so that there is no warrant for permitting the defendants to take further testimony

in this court. As to permitting further testimony to be taken in the Superior Court, we think that the case of *Raftery* v. *Reilly, supra,* is more nearly in point than the case of *Turner* v. *McManus,* because in *Raftery* v. *Reilly,* as in the case at bar the moving parties were not prevented by the action of the Superior Court from taking all the testimony they desired to take, while in *Turner* v. *McManus,* the appellant, herself, moved for a retrial and there was no opposition or discussion.

We are of the opinion that justice does not require the remanding of this cause to the Superior Court for a retrial, involving as it might, the retaking of all the testimony (upwards of 300 pages) offered on behalf of the complainants, so as to enable them to have the benefit of oral testimony before the trial judge; there is no way except by agreement of the parties that the complainants could be saved from this delay and expense; no order of this court imposed as a condition upon the defendants could be made to compel either party to stipulate that the transcript of testimony already taken should be used in the retrial of the cause; for this reason we think a retrial of the cause would be an injustice to the complainants as it might involve them in unwarranted expense and delay, and would not tend to "the speedy determination of the cause" (Sec. 33, *supra*).

(3) It is also to be borne in mind that the case at bar is a bill in equity to set aside an award under insurance policies, and is a proceeding in aid of the prosecution of pending suits at law upon the policies, as fully set forth in our former opinion; that the defendants in the court below have had their day in court and have had the opportunity to fully set forth their defence as they saw fit to make it, and to offer before the court below all the evidence they desired in order to make a complete record upon appeal; (*Raftery et al* v. *Reilly et al.,* 102 Atl. 963). It is further to be borne in mind that the result of a decree setting aside the award to be entered under the order of this court will not be to deprive the defendants of their property "without due process of

law," in contravention of Article XIV of Amendments to the Constitution of the United States; such a decree only deprives the defendants of an opportunity to interpose the award by way of special plea as a bar to the maintenance of the three suits at law. In those three suits at law, as we have already shown, the only question now open to the defendants on the pleadings, they having tendered and paid into court certain amounts of money admitted to aggregate the amount of the award, is whether "the said plaintiffs ought further to have or maintain their said action against it to recover any more or greater damages than said sum of $      , parcel of the several sums of money in said declaration mentioned" (See opinion, pp. 11-12). It therefore appears that when those suits at law are tried the several defendants will have full opportunity to introduce in defence all such evidence as they are able to offer to show that the award was fair and just in fact and that the plaintiffs have in fact suffered no damages beyond the amount of the award; in other words the entry of the decree setting aside the award, by order of this court in the case at bar, still leaves the defendants in the suits at law at full liberty to offer all such testimony as they would be able to offer, if this court should grant a retrial of the case at bar, in relation to the question tendered by the pleadings at law, whether the plaintiffs ought to recover more than has been already paid. The defendants will not be deprived of any money in excess of the award unless after a trial at law it appears that as a matter of fact they ought to pay more to compensate the plaintiffs than they have already paid.

(4)    Our statutes relating to procedure on appeal in equity plainly imply that, in the usual case, an appeal in equity is to be treated in this court, not as a proceeding *de novo*, for a retrial of the cause, but as a proceeding for the purpose of reviewing the errors stated in the appellant's reasons of appeal. *Vaill* v. *McPhail et al.*, 34 R. I. 361.

The provisions above quoted (Secs. 30, 32, 33, Chap. 289) with regard to taking further testimony in this court upon

appeal, and granting power to this court for the taking of such further testimony and the making of "such orders and decrees therein as shall be just," and taking "such further proceedings in the cause as justice and the speedy determination of the cause may require" are such general provisions as confide to our judgment or discretion the correction of error and injustice; but these same provisions do not imply that as a matter of course it is our duty in equity appeals, except in unusual cases, to allow testimony to be taken in this court, or to remand equity cases for a retrial.

For the reasons stated above, this court is of the opinion that the defendants have shown no error or injustice which requires that this cause be sent back to the Superior Court for a retrial, or that further testimony be taken in this court.

The motion is therefore denied; and the cause will be remanded to the Superior Court, sitting in Washington County, for the entry of a decree setting aside the award, pursuant to the order already made at the conclusion of the opinion of July 1, 1918.

*Wilson, Gardner & Churchill,* for complainants.
*Mumford, Huddy & Emerson,* for respondents.