324 A.2d 321.

Frank W. Slepkow, *Executor vs.* June L. Robinson *et al.*

AUGUST 2, 1974.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is a civil action to determine ownership of a certain joint bank account in the Citizens Savings Bank which carries the designation, "Katherine M. White or June L. Farland, 9 East Knowlton St., Riverside, R. I. 02915, Payable to either or the survivor." The defendant, June L. Robinson, is the former June L. Farland.

The case was tried to a Superior Court justice, sitting without a jury, who rendered a decision and entered a subsequent judgment wherein the Citizens Savings Bank was

ordered to make payment of the joint bank account to defendant, June L. Robinson. The case is before us on plaintiff's appeal from that judgment.

The record discloses that Katheryn M. White, alias Katherine M. White, sometimes hereinafter referred to as Katherine White, was formerly married to Charles Alan Farland, and that of the marriage three children were born, one of whom is defendant, June L. Robinson. Katherine later married Daniel A. White. This marriage produced no children, but Kathleen White, a nominal defendant, was raised from birth by the Whites, who considered and referred to her as their daughter, although there is no record of an official adoption. Kathleen White, now Kathleen Plante, is the beneficiary of a trust under the terms of the will of Katherine White, who died testate March 2, 1970.

In 1956, Daniel and Katherine White executed wills which specifically excluded the Farland children. In 1966, after the death of Daniel, Katherine White executed a new will in which plaintiff, a member of the Rhode Island Bar, was nominated as executor and Kathleen White was designated as sole beneficiary. Under this will the Farland children were specifically excluded. Upon the death of Katherine White, a metal box was found containing, among other items, bankbooks for several joint bank accounts in the name of Katherine White and Kathleen White, and one joint bank account, Citizens Savings Bank No. 09-3983, the account in dispute, in the name of Katherine M. White or June L. Farland. It further appears that the latter account was originally opened on February 18, 1966, as a trust account in the name of Katherine M. White in trust for June L. Farland. On November 14, 1968, the trust account was changed to a joint account in the name of Katherine M. White or June L. Farland and payable to either or the survivor and so remained

until the death of Katherine White on March 2, 1970, and so remains pending determination of the instant appeal.

The plaintiff, executor under the will of Katherine White, testified that he drew wills for Daniel and Katherine White and that in 1966, after the death of Daniel, he drew the will of Katherine in which he was nominated as executor and which was probated after the death of Katherine. He related that he had knowledge of and discussed the joint bank accounts with Katherine White during her lifetime and had advised her that it would be necessary for the donee of the gift to have possession of the bankbook in order to receive title to the joint account. Mr. Slepkow further testified that Katherine White advised him that she had added the names to the joint accounts in order that June and Kathleen would be able to go to the bank to transact business for her as she was not feeling well. The plaintiff stated that Katherine White advised him that all the bankbooks, bonds, and her will were in the metal box which would be brought to him if anything happened to her. The box was, in fact, delivered to plaintiff by Kathleen Plante shortly after Katherine White's demise. The plaintiff also testified that Katherine White had included the interest received from the joint bank accounts as income on her federal income tax returns.

Kathleen Plante testified that she lived with Katherine White, whom she referred to as her mother, until her marriage in 1967. Kathleen stated that her mother had placed her name on several bank accounts to enable her to withdraw sums for her mother, which she did from time to time upon her mother's direction. Kathleen related that her mother told her that June's name was on a bankbook and that she knew that June had made withdrawals from the account. Kathleen further testified that the bankbooks were in a metal box for which Katherine White retained the only key. She stated that whenever June had

possession of the bankbook that she obtained it from her mother. Kathleen related that June visited her mother three or four times weekly from May 1967, and that they seemed to enjoy a close relationship.

June L. Robinson, defendant, testified that her mother told her that she wanted to leave her $10,000 in order to care for June in her later years, that she had a bank account for her in that amount, and that in 1967 her mother gave her the bankbook with a balance of $10,000, saying that it was money for her when she got older. June stated that she kept the bankbook for about a month and then gave it to her mother to hold for safekeeping. June stated that at various times she would take the book to the bank to make deposits and withdrawals and then return it to her mother, who kept it at all times in the metal box. The defendant stated that she did not regard the withdrawals she made from the account as loans, because the money belonged to her. June related that she knew that her mother deeded the house to Kathleen in 1965, and that her mother had told her about the other bankbooks. She stated that she had a close relationship with her mother, visited her often and spent weekends with her. She testified that she knew about the metal box, but never had a key to it or went inside the box.

It is well settled that in order to succeed in establishing an absolute inter vivos gift of a bank account, the claimant must prove by a clear and satisfactory evidence that the gift was fully executed and that the donor intended it to take effect presently and immediately. *Macon* v. *Ciallella*, 106 R. I. 297, 259 A.2d 405 (1969); *Carr* v. *MacDonald*, 70 R. I. 65, 37 A.2d 158 (1944).

The trial justice in his decision reviewed and analyzed the evidence and accepted as credible the testimony of defendant, June L. Robinson, that her mother had given her a gift of the questioned bank account, that she in-

554

tended the account to be June's, and that June was to have the money for herself at all times. He rejected plaintiff's testimony that June's name was added to the joint account as a matter of convenience. He stated the fact that the account was started as a trust account strengthened June's testimony. The trial justice found that the trust account was intended to be a gift, *in praesenti,* subject to divestiture but nevertheless a gift which vested at the time the trust account was created. The trial justice also held that the mother, acting on the advice of plaintiff that it was necessary to transfer possession of the bankbook, handed the book to June L. Robinson in order to effectuate the completion of a present gift. The trial justice went on to comment that the giving of the book by June to her mother for safekeeping was not sufficient to divest her of possession of the gift.

The plaintiff contends that the trial justice committed error when he found that defendant had established that a gift of a joint interest in the disputed bank account was intended and executed. He argues that the record indicates that defendant had claimed that a gift of the entire interest in the account had been intended, and that the law developed in cases where a joint interest is claimed is inapplicable to cases in which a gift of the entire interest is claimed. *Macon* v. *Ciallella, supra.*

In effect plaintiff is arguing that defendant throughout the case has contended that the donor made a gift to her of all her interest in the account, and that the trial justice misconceived the reasoning in *Macon* where this court held that where the claimant relied on the claim that the gift was an outright, absolute and irrevocable one he must proceed and sustain the burden of proof that the donor intended to part with the entire account, and that the stated case law concerning cases in which joint accounts are transferred is irrelevant and inapplicable.

The plaintiff contends that the record indicates that defendant claimed a gift of the entire interest in the account had been intended and that the trial justice, relying on the rule applicable to cases where a gift of a joint interest is intended and executed as stated in those cases, committed error. The plaintiff is actually contending that the trial justice misconceived the evidence when he found that a gift of a joint interest was intended and executed, and is arguing that defendant claimed a gift of the entire interest in the account. *Wyatt* v. *Moran*, 81 R. I. 399, 103 A.2d 801 (1954).

Here the trial justice predicated his decision on his findings that the evidence was sufficient to show an intent and delivery of a joint interest in the account in question. The trial justice, after reviewing the evidence and analyzing and evaluating the testimony, found that the donor made a present gift of the joint account with a right of survivorship to defendant June L. Robinson. Where the evidence is in conflict and the parties submit a controversy on the facts as well as the law to a trial justice sitting without a jury, the decision of the trial justice will not be disturbed by this court unless the findings of fact on which the decision is based are clearly wrong, or unless it is shown that in making such findings, the trial justice either misconceived or overlooked material evidence on a controlling issue. *Thornton* v. *Ferris*, 108 R. I. 491, 276 A.2d 758 (1971); *Meader* v. *Cosper*, 106 R. I. 462, 260 A.2d 715 (1970).

The trial justice reviewed the evidence and evaluated the testimony of the witnesses. He accepted the testimony of defendant, June L. Robinson, as credible and specifically rejected the contention of plaintiff that June's name was added to the account as a matter of convenience. He found that Katherine White had established a gift of the joint

account and that it was intended to take effect at the time it was made.

The claimant must establish by clear and satisfactory evidence that the donor intended, *in praesenti*, to divest himself of the exclusive ownership and control over the subject matter of the alleged gift and to vest such ownership and control jointly in the claimant. In other words, such gift must be fully executed and go into immediate and present effect. *Moses* v. *Wilkinson*, 90 R. I. 253, 157 A.2d 478 (1960); *Tabor* v. *Tabor*, 73 R. I. 491, 57 A.2d 735 (1948); *Weber* v. *Harkins*, 65 R. I. 53, 13 A.2d 380 (1940); *People's Savings Bank* v. *Rynn*, 57 R. I. 411, 190 A. 440 (1937); *Raferty* v. *Reilly*, 41 R. I. 47, 102 A. 711 (1918). Here the trial justice found that defendant had sustained the burden of proof necessary to establish ownership of the disputed joint account. We perceive no error in such finding.

The plaintiff has failed to establish error or to show any material evidence on a controlling issue that the trial justice here either overlooked or misconceived. It is also clear that the trial justice applied the correct rule of law to the facts as construed by him.

The plaintiff's appeal is denied and dismissed, the judgment appealed from is sustained, and the case is remitted to the Superior Court for further proceedings.

*Slepkow & Slepkow, Milton S. Slepkow,* for plaintiff.

*Bourcier & Bordieri, John P. Bourcier, Anthony M. Gallone,* for June L. Robinson; *Letts, Quinn & Licht, Alan S. Flink,* for Citizens Savings Bank.