[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiff's motion for summary judgment pursuant to SUPER. R. Civ. P. 56.
FACTS
Josephine Margadonna, the decedent, filed a voluntary guardianship petition with the Probate Court for the City of Providence on February 12, 1985. The Probate Court in Providence appointed Christine Carlozzi to be the guardian over the person and the estate of Josephine Margadonna on February 26, 1985. On May 2, 1985, Christine Carlozzi, acting as the guardian, filed an inventory of the Estate of Josephine Margadonna with the Probate Court. Included with this inventory was a certificate of deposit ("CD") in the amount of $100,000.00. Christine Carlozzi filed a petition with the Probate Court on March 5, 1987, seeking to delete the CD from the inventory and the January 15, 1987, First Account of the Estate on the basis that the CD was erroneously included in the inventory. The Probate Court granted this petition on June 17, 1987. However, the Probate Court judge did not make a finding as to the ownership of the CD. In addition, the January 15, 1987 accounting of the estate listed the CD as being held by the Old Stone Bank in the name of Josephine Margadonna and Tina Carlozzi.
The plaintiff timely filed an appeal of the Probate Court's decision to delete the CD pursuant to R.I. Gen. Laws 33-23-1 (1988). Under33-23-2, once the plaintiff filed his appeal, the Probate Court's order deleting the CD was suspended. The Court notes that the CD was not listed on any subsequent yearly accountings for the Josephine Margadonna estate. Also, the defendant never produced the CD after several discovery requests. Specifically, on September 13, 1990, the plaintiff made a discovery request for the CD. However, on December 11, 1990, the defendant responded to this request by stating that the CD did not exist anymore. The defendant, Christine Carlozzi, was removed as the guardian of the Margadonna estate on July 27, 1988, and replaced with George N. Smith of West Warwick. Christine Carlozzi died on December 25, 1990, and Josephine Margadonna, the ward, died on January 9, 1991.
Margadonna's Argument In Favor of Summary Judgment
The plaintiff asserts that Carlozzi cannot sustain the burden of proof for an inter vivos gift. The plaintiff correctly argues that Rhode Island law requires that Carlozzi prove by clear and satisfactory evidence that the donor, Josephine Margadonna, intended to divest herself of exclusive ownership over the CD and vest ownership and control in Carlozzi. The plaintiff argues that the CD must be finally executed and go into immediate and present effect. Shepkow v. Robinson, 113 R.I. 550, 556, 324 A.2d 321, 325 (1974).
Further, Gilbert Margadonna contends that any claim of an inter vivos gift is contradicted by the inclusion of the CD in the inventory of the estate. The plaintiff claims that the actions taken by Carlozzi regarding her preservation of the CD during the appeal period and the Probate Court's decree removing her as the guardian due to her neglect and wasting of this asset undermine her claim of a gift.
ANALYSIS
Summary judgment is a means of curtailing litigation in its early stages if it is found that no genuine issue of material fact requires resolution. Babbit v. Saccoccio, No. 90-169, slip op. at 3-4 (R.I., June 6, 1991); Trend Precious Metals Co. v.Sammartino Inc., 577 A.2d 986, 988 (R.I. 1990); see Super. R. Civ. P. 56. As has been stated numerous times previously, when a trial justice is passing on a motion for summary judgment, the only question before him or her is whether there is a genuine issue as to any material fact which must be resolved. Babbit,
at 4. If an examination of the pleadings, affidavits, admissions, answers to interrogatories, and other similar matters, viewed in the light most favorable to the opposing party, reveals no such issue, then the suit is ripe for summary judgment. Id; RhodeIsland Hospital Trust National Bank v. Boiteau, 119 R.I. 64, 66,376 A.2d 323, 324 (1977); see Trend Precious Metals Co, 577 A.2d at 988.
It is also equally clear that summary judgment is a drastic remedy and should be applied cautiously. Rustigian v. Celona,478 A.2d 187 (R.I. 1984). The trial justice may not pass on the weight or credibility of the evidence, but must determine whether the pleadings and affidavits present a genuine issue of material fact which would prevent summary judgment from being granted.Pacia v. Forte Bros., 656 A.2d 529 (R.I. 1989).
When reviewing a grant of a motion for summary judgment, the Supreme Court applies the same rules as the trial court. Banksv. Bowen's Landing Corp., 522 A.2d 1222, 1224 (R.I. 1987). Only when the Supreme Court's review reveals no issue of material fact, and the moving party is entitled to judgment as a matter of law, will the trial justice's order granting summary judgment be upheld. Id.
It is well settled in Rhode Island that in order to succeed in establishing an absolute inter vivos gift of a bank account, the claimant must prove by clear and convincing evidence that the gift was fully executed and that the donor intended it to take effect presently and immediately. Slepkow v. Robinson,113 R.I. 550, 556, 324 A.2d 321, 324 (1974);[1] Macon v. Ciallella,106 R.I. 297, 259 A.2d 405 (1969); Carr v. MacDonald,70 R.I. 65, 37 A.2d 158 (1944). Further, the claimant must establish by clear and satisfactory evidence that the donor intended, in praesenti, to divest himself of the exclusive ownership and control over the subject matter of the alleged gift and to vest such ownership and control jointly in the claimant. Id. at 556, 324 A.2d at 325. The gift must be fully executed and go into immediate and present effect. Id. at 556, 324 A.2d at 325;Moses v. Wilkinson, 90 R.I. 253, 157 A.2d 478 (1960); Tabor v.Tabor, 73 R.I. 491, 57 A.2d 735 (1948); Weber v. Harkins,65 R.I. 53, 13 A.2d 380 (1940); People's Savings Bank v. Rynn,57 R.I. 411, 190 A. 440 (1937); Raferty v. Reilly, 41 R.I. 47,102 A. 711 (1918).
Applying the above holdings to the case at bar, this Court denies the plaintiff's motion for summary judgment. The plaintiff's have not presented sufficient evidence to establish an absolute inter vivos gift of the $100,000.00 CD. The plaintiff has not proven by clear and convincing evidence that the CD was fully executed and that Josephine Margadonna intended the CD to take effect presently and immediately. Slepkow, 113 R.I. at 556, 324 A.2d at 325; See also Lessner v. Rubinson, 382 Pa. Super. 306, 312, 555 A.2d 193, 197. The plaintiff has not submitted any evidence to support this allegation other than a response provided in a request for documents production stating that the CD at issue in the name of Josephine Margadonna and Tina Carlozzi did not exist.
A genuine issue of material fact is raised also with regard to the transactions undertaken by Christine Carlozzi related to the CD. Pasquale Carlozzi, Christine Carlozzi's husband, submitted an affidavit stating that he was not a party to any of the transactions regarding the CD. Pasquale Carlozzi states his wife informed him that she placed the $100,000.00 from the CD in her name and her mother's name at Old Stone Bank. However, Pasquale Carlozzi's affidavit directly contradicts his wife's testimony at the Probate Court hearing. Christine Carlozzi testified that the $100,000.00 from the CD was placed in an account at People's Bank in her and her husband's name.
In addition, an issue of fact is raised regarding the motivation of the parties in trying to gain possession of the CD. The Court finds this very evident in the following excerpt from the Gilbert Margadonna deposition pertaining to his relationship with his sister:
 Q. Is that while she was living with your sister?
 A. Yes hum-hum (affirmative)
 Q. Why did the nurse come to visit?
 A. I really don't know because me an my sister, we didn't get along too good, and it was, you know, very — in fact, if she would have had a gun she would have killed me, to be honest with you.
 Q. Did you have an argument with your sister?
 A. Yeah.
 Q. About the disposal of the money?
 A. No.
 Q. What was the argument about?
 A. It was a misunderstanding because I didn't want her to take over my mother's estate really".
(See Deposition of Gilbert A. Margadonna, May 22, 1990, Page 8).
CONCLUSION
For the above reasons, the plaintiff's motion for summary judgment is denied. Counsel shall prepare an order to reflect the above disposition.
[1] The trial justice in Slepkow held that the mother had made a valid gift of joint interest in a bank account to her daughter. 113 R.I. at 556, 324 A.2d at 324.