[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on the plaintiff's motion for summary judgment pursuant to Super. R. Civ. P. 56.
FACTS
Josephine Margadonna, the decedent, filed a voluntary guardianship petition with the Probate Court for the City of Providence on February 12, 1985. The Probate Court in Providence appointed Christine Carlozzi to be the guardian over the person and the estate of Josephine Margadonna on February 26, 1985. On May 2, 1985, Christine Carlozzi, acting as the guardian, filed an inventory of the Estate of Josephine Margadonna with the Probate Court. Included with this inventory was a certificate of deposit ("CD") in the amount of $100,000.00. Christine Carlozzi filed a petition with the Probate Court on March 5, 1987, seeking to delete the CD from the inventory and the January 15, 1987, First Account of the Estate on the basis that the CD was erroneously included in the inventory. The Probate Court granted this petition on June 17, 1987. However, the Probate Court judge did not make a finding as to the ownership of the CD. In addition, the January 15, 1987 accounting of the estate listed the CD as being held by the Old Stone Bank in the name of Josephine Margadonna and Tina Carlozzi.
The plaintiff timely filed an appeal of the Probate Court's decision to delete the CD pursuant to R.I. Gen. Laws § 33-23-1
(1988). Under § 33-23-2, once the plaintiff filed his appeal, the Probate Court's order deleting the CD was suspended. The Court notes that the CD was not listed on any subsequent yearly accountings for the Josephine Margadonna estate. Also, the defendant never produced the CD after several discovery requests. Specifically, on September 13, 1990, the plaintiff made a discovery request for the CD. However, on December 11, 1990, the defendant responded to this request by stating that the CD did not exist anymore. The defendant, Christine Carlozzi, was removed as the guardian of the Margadonna estate on July 27, 1988, and replaced with George N. Smith of West Warwick. Christine Carlozzi died on December 25, 1990, and Josephine Margadonna, the ward, died on January 9, 1991.
Margadonna's Argument In Favor of Summary Judgment
The plaintiff asserts that Carlozzi cannot sustain the burden of proof for an inter vivos gift. The plaintiff correctly argues that Rhode Island law requires that Carlozzi prove by clear and satisfactory evidence that the donor, Josephine Margadonna, intended to divest herself of exclusive ownership over the CD and vest ownership and control in Carlozzi. The plaintiff argues that the CD must be finally executed and go into immediate and present effect. Shepkow v. Robinson, 113 R.I. 550, 556, 324 A.2d 321, 325 (1974).