[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an administrative appeal from a decision of the Department of Human Services (hereinafter "the Department"), dated July 15, 1992, in which Lucy Simmons (hereinafter "the applicant") was denied Medical Assistance Benefits (Medicaid) as a medically needy person under G.L. 1956 (1990 Reenactment) §§40-8-1, et seq. This action was commenced on August 12, 1992; the record was certified to this Court on September 1, 1992; briefing was completed on October 26, 1992; the case was assigned to this Justice for decision on November 12, 1992; and was received on November 20, 1992.
The Department denied benefits because it found after hearing before an administrative hearing officer that the applicant did not meet the eligibility requirements of § 40-8-3(e) regarding insufficient income and resources. The Department found that she had been the owner of five joint bank accounts containing approximately $84,000, which had stood in her name jointly with her daughter and which were closed by her daughter on June 6, 1991 approximately three months before her application on September 13, 1991.
Departmental regulations issued pursuant to § 40-8-3(e) provide that whenever an applicant is a joint account holder who has unrestricted access to the funds in the account, all of the funds are presumed to be resources of the applicant. The presumption is subject to evidentiary rebuttal. The presumption is reasonable. Cf. Slepkow v. Robinson, 113 R.I. 550, 553,324 A.2d 321, 324 (1976) ("in order to succeed in establishing an absolute inter vivos gift of a bank account, the claimant must prove by a clear and satisfactory evidence that the gift was fully executed and that the donor intended it to take effect presently and immediately.") It was undisputed that at the time the daughter took control of these accounts the mother had "unrestricted access."
The only rebuttal "evidence" before the administrative hearing officer was the argument of applicant's counsel that the applicant's husband, one of the original joint holders of the respective accounts, had said to the daughter, "The money is yours." This assertion was not made from any personal knowledge of counsel. It was not offered by the daughter herself, who was present as a sworn witness at the hearing, nor was it corroborated by any evidence written or oral from the applicant herself. A statement of the applicant purporting to incorporate counsel's argument as rebuttal is in fact signed by the daughter and not the applicant. The hearing officer was fully justified in not according any weight to this "evidence" which would tend to show that the applicant's devoted husband intended to deprive his wife during her lifetime of the benefit of their joint life savings.
It is not necessary to consider the legal validity of Part IIIB, para. 2h of Section 0324 of The Rhode Island Departmentof Human Services Manual: Medical Assistance Program regarding the quantum of evidence necessary to rebut the presumption of ownership, since in this case no competent evidence of the kind required was furnished. The applicant relied on the mere form of the account and her attorney's ambiguous report of the alleged statement of one of the co-holders made at the time the accounts were created.
There is no doubt that if the daughter were claiming ownership of these accounts, after the applicant were deceased, a common law presumption of a gift of a survivorship interest in these accounts would apply. Nocera v. Lembo, 121 R.I. 216,397 A.2d 524 (1979). In this case the applicant was alive at the time of her application for benefits and the important consideration was access to these funds during the material period, not who would own what was left in them after her decease.
A reasonable regulatory presumption requires the department to consider these funds as resources of the applicant, which should be applied to her care, because she had unrestricted access to them during a material period. That period pursuant to regulation is thirty months prior to application for Medical Assistance benefits. The daughter's taking control of these accounts, even though she had a right to do so, is reasonably deemed to be a transfer without consideration. The Medical Assistance program described by the statute is plainly a need-based program. It is designed to meet the expense of medical care for the truly needy in this State. It is funded by the United States but administered by the State in accordance with federally mandated standards and procedures. It is not a national health insurance program. Eligibility does not depend on any contribution to any fund, public or private. If resources, like those in this case, could be sheltered by the simple expedient of creating a joint account, this program would no longer be a health care program strictly for the needy, but would include the knowledgeable well-off, who were never intended to be beneficiaries of this program.
Judgment for the defendant denying and dismissing the appeal will be entered on notice to the plaintiffs.