DECISION
This is an administrative appeal from a decision of the Department of Human Services ("DHS"), dated June 13, 1990, in which Margaret Coogan ("Applicant") was denied Medical Assistance Benefits as a medically needy person under R.I.G.L. § 40-8-1 et seq. This action was commenced on July 12, 1990. The record was certified and assigned to this Justice on or about July 21, 1994. DHS denied the Applicant her requested benefits because an administrative hearing officer found that the Applicant did not meet the eligibility requirements of § 40-8-3 (e).
Applicant filed an application with DHS for medical assistance benefits in June of 1989 seeking eligibility commencing on September 1, 1989. On the application Applicant listed two joint bank accounts she held, one with her daughter Maureen Coogan, who is a party to this action, the other with her son Robert Coogan, who is also a party to this action. Applicant also stated she was the owner of two Metropolitan Life Insurance policies valued at $850.00.
DHS Policy Manual, section 0324 states that an applicant's resources must be less than $4,000.00 to be eligible for medical assistance. DHS rules further provide that all bank accounts held in an applicant's name are presumed to be owned by the applicant. (DHS Policy Manual section 0324(3) Presumption of Ownership.) DHS rules also provide that transfers of non-excluded funds within 24 months of the date of application are presumed to be for the purposes of attaining eligibility for benefits. (DHS Policy Manual Section 0324, III Transfer of Resources.) (Emphasis added) Plaintiffs attempted to rebut these presumptions of ownership. In February of 1990 Applicant was advised that she was found ineligible for medical assistance based on the finding that the assets in the joint accounts were hers and her resources were in excess of the $4,000.00 limit. Applicant appealed this finding and a hearing was held on June 13, 1990.
At the hearing Maureen Coogan testified that the two joint accounts were established with the inheritance of life insurance proceeds upon the death of Applicant's husband in 1961. Maureen Coogan testified that only 50 percent of the funds belonged to Applicant. Therefore, Maureen and her brother withdrew their respective shares on or about November 3, 1988. DHS determined that plaintiffs had not produced sufficient evidence to overcome the presumption that these transfers, made within 24 months of filing her application, were done for any other reason than to establish Medical Assistance eligibility for Applicant. Therefore, these accounts were presumed to be resources of the Applicant.
Testimony was presented that during the 24 months preceding her application Applicant expended $16,625.78 in nursing home and attorney expenses, thereby reducing her available resources. Including the contested bank accounts, Applicant's resources were determined to be $24,907.69, well over the maximum of $4,000.00 in resources to be eligible for benefits.
DHS further stated in its June 13, 1990 letter denying benefits, that were DHS to find that Applicant's rebuttal was successful, Applicant would still not qualify for Medical Assistance. DHS explained that taking into account the resources in Applicant's account at Old Stone Bank, her $850.00 in two Metropolitan Life Insurance Accounts and assuming Applicant had a designated burial set aside, as provided for in section 301.2(6) of the DHS Policy Manual, her resources would remain over $4,000.00.[1]
Standard of Review
This Court's review of DHS's decision is governed by R.I.G.L. § 42-35-15(g) which provides in part:
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency in regard to the credibility of witnesses or the weight of evidence concerning questions of fact. Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1309 (R.I. 1988); Carmody v. R.I. Conflict of Interest Commission,509 A.2d 453, 458 (R.I. 1986). Therefore, this Court's review is limited to determining whether substantial evidence exists to support the Commission's decision. Newport Shipyard v. RhodeIsland Commission for Human Rights, 484 A.2d 893 (R.I. 1984). "Substantial evidence" is that which a reasonable mind might accept to support a conclusion. Id. at 897. (quoting Caswellv. George Sherman Sand Gravel Co., 120 R.I. 1981,424 A.2d 646, 647 (1981)). This is true even in cases where the court, after reviewing the certified record and evidence, might be inclined to view the evidence differently than the agency.Berberian v. Dept. of Employment Security, 414 A.2d 480, 482 (R.I. 1980). On review of the Superior Court's judgment, the Supreme Court determines whether legally competent evidence exists to support the decision of the Superior Court. RhodeIsland Public Telecommunications Authority, et al. v. RhodeIsland Labor Relations Board, et al., December 2, 1994, No. 93-268-M.P. at 20. The Court will "reverse factual conclusions of administrative agencies only when they are totally devoid of competent evidentiary support in the record." Milardo v. CoastalResources Management Council, 434 A.2d 266, 272 (R.I. 1981). However, questions of law are not binding upon a reviewing court and may be freely reviewed to determine what the law is and its applicability to the facts. Carmody v. R.I. Conflicts ofInterests Commission, 509 A.2d at 458.
On appeal Plaintiffs contend that they successfully rebutted the presumption of ownership of the joint accounts with evidence as to the origin of the funds and the intent of the parties. Alternatively, Plaintiffs assert that the DHS presumption regarding joint accounts as countable resources is inconsistent with state law and therefore invalid. Accordingly, Plaintiffs appeal to this Court to reverse the DHS decision and hold that Applicant was eligible for medical assistance coverage for the care and services rendered to Applicant prior to her death.
DHS Policy
Plaintiffs contend that DHS' presumption of ownership of joint accounts as countable resources, as contained in section 0324, is contrary to state law. To establish this argument, Plaintiffs cite various Rhode Island divorce cases wherein the court had to determine the contested ownership to funds in joint accounts. The Plaintiffs rely on Van Duinwyk v. Van Duinwyk,511 A.2d 975 n.1 (R.I. 1986), in which the Court determined that the contested account should be equally divided between the parties. But the case at hand is not a divorce proceeding where assets once jointly owned are equitably divided by the Court. Rhode Island law is clear that joint tenants are presumed to own an equal interest in the whole, and each joint tenant may make use of the whole. Of course, this presumption is rebuttable. Plaintiffs contend that DHS policy is contrary to this law. However, the presumption of ownership has been tested in the past and has been found reasonable. Simmons v. The Department ofHuman Services, 11-25-92 C.A. No. 92-4850, citing Skepkow v.Robinson, 113 R.I. 550, 553, 324 A.2d 321, 324 (1976).
In the case at bar, Applicant did not meet her burden before the DHS to surpass this valid presumption. The record reveals that DHS did not have before it adequate legally competent evidence with which to refute the DHS presumption of ownership of the joint accounts. DHS had before it various statements by the Applicant, Maureen Coogan and Robert Coogan, along with bank account information and expenses incurred on behalf of the Applicant. Based on the documents submitted into evidence, the testimony at the hearing and the documents received by DHS subsequent to the adjournment of the hearing, DHS determined that the funds in the joint accounts were to be included in the Applicant's countable resources.
The Plaintiffs have also requested reasonable costs and attorney's fees pursuant to R.I.G.L. § 42-92-3, entitled Equal Access to Justice for Small Businesses and Individuals. This act was created to lessen the burden placed upon persons by "the arbitrary and capricious decisions of administrative agencies."Taft v. Pare, 536 A.2d 888, 892 (R.I. 1988). Plaintiffs cannot recoup any of their costs or attorney's fees pursuant to this act as only a prevailing party will be awarded costs and attorney's fees if the court finds that the agency was not "substantially justified in its actions leading to the proceedings and in the proceeding itself." Taft at 892.
After a review of the record, this Court finds the decision by DHS denying Applicant medical assistance is supported by reliable, probative, and substantive evidence. Accordingly, the agency decision denying assistance is upheld. The Plaintiffs' request for reasonable costs and attorney's fees pursuant to §42-92-3 is denied.
Counsel shall submit an appropriate order.
[1] DHS stated in its June 13, 1990 letter addressing Applicant's contention that the monies in the joint accounts belonged to her children: "The following conclusion addresses your countable resources, without the inclusion of the transferred monies above referenced. Your resources, as of September 1, 1989 totaled in excess of $4,937.83 ($4,000 in the Old Stone account, $507.68 in the R.I. Hospital Trust National Bank account and $430.15 in cash). Notwithstanding whatever interest had accrued in the Old Stone account, and by deducting the maximum burial set aside allowed ($650.00), I have concluded that you (sic) countable resources were in the amount of at least $4,287.83."